IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION


HOLLY JONES, et al.,

          Plaintiffs,

v.                                    CIVIL ACTION NO.  2:12-cv-0443

ETHICON, INC., et al.,

          Defendants.


MEMORANDUM OPINION AND ORDER
*(Defendants' Motion for Summary Judgment)*

Pending before the court is the defendants' Motion for Summary Judgment [ECF No. 92]. As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

## I.    Background

This case resides in one of seven MDLs assigned to the court by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 28,000 of which are in the Ethicon, Inc. and Johnson & Johnson, Inc. ("Ethicon") MDL, MDL 2327. In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled

on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html.* I completed this selection process four times and selected the plaintiff's case as a Wave 1 case.

## II.   Legal Standards

### A.   Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer

some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B.    Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of

3

the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010). This case was originally filed in the Northern District of California. Therefore, I use California's choice-of-law rules to determine which state's law to apply to this case.

California courts apply a three-step governmental interest approach to resolve choice-of-law disputes. *Kearney v. Salomon Smith Barney, Inc.,* 137 P.3d 914, 922 (Cal. 2006); *Hurtado v. Super. Ct.,* 522 P.2d 666, 669 (Cal. 1974). Under the first step, the court should determine whether the laws of each potential jurisdiction actually differ. *Kearney,* 137 P.3d at 922. Second, where the laws of each jurisdiction differ, the court must determine whether a "true" conflict exists by determining whether each state has an interest in applying its law in this case. *Id.* Finally, if a true conflict exists, the court will determine "which state's interest would be more impaired if its policy were subordinated to the policy of the other state" and apply that state's law. *Id.* (quoting *Bernhard v. Harrah's Club,* 546 P.2d 719, 723 (Cal. 1976)).

The first step—whether the laws of California and Michigan actually differ— is satisfied. California and Michigan apply different tests to establish liability for

design defect claims. One particular difference lies in the requirement that a plaintiff shows the existence of a practical alternative design. Michigan places a burden on the plaintiff to produce evidence showing "that there was a reasonable alternative design available." *Peck v. Bridgeport Machs., Inc.*, 237 F.3d 614, 617 (6th Cir. 2001) (citing *Owens v. Allis-Chalmers Corp.*, 326 N.W.2d 372 (Mich. 1982)). California, however, states that "it is not the plaintiff's burden in a design defect case to prove the existence of a feasible alternative design." *Altman v. HO Sports Co., Inc.*, 821 F. Supp. 2d 1178, 1196 n.17 (E.D. Cal. 2011) (quoting *Ford v. Polaris Indus., Inc.*, 43 Cal. Rptr. 3d 215, 228 (Cal. Ct. App. 2006)). Because these requirements stand in opposition to one another, I find that the laws of California and Michigan differ. I now move to the second step.

Under the second step, I must determine whether both states have an interest in having their respective laws applied in this case. In other words, I must decide whether "only one of the states has an interest in having its law applied." *Wash. Mut. Bank, FA v. Super. Ct.*, 15 P.3d 1071, 1081 (Cal. 2001). If only one state has an interest in having its law applied here, I will apply the law of that state.

Michigan is the only state with an interest in this case. The plaintiff is a Michigan resident and was implanted with Ethicon's product in Michigan. Michigan has an interest in protecting its residents from injuries that occurred within its territorial jurisdiction. I find that Michigan's interests would be significantly impaired if its law were not applied. The parties agree that these principles compel

application of Michigan law.[1] Thus, the court applies Michigan's substantive law to this case.

### III.   Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' legal theories are without evidentiary or legal support.

#### A.   Negligence – Manufacturing Defect

In their Response, the plaintiffs expressly withdraw their manufacturing defect claim. Accordingly, Ethicon's Motion with regard to this claim is **GRANTED**.

#### B.   Strict Liability Claims

"Michigan does not accept strict liability as the basis of a claim on which relief can be granted." *Magnant v. Medtronic, Inc.*, 818 F. Supp. 204, 206 (W.D. Mich. 1993) (citing *Prentis v. Yale Mfg. Co.*, 365 N.W.2d 176, 181–86 (Mich. 1984)); *see Radeljak v. Daimlerchrysler Corp.*, 719 N.W.2d 40, 47 n.10 (Mich. 2006) (listing Michigan as one of six states that does not recognize strict liability) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 252 n.18 (1981)). In the products liability context, only negligence and implied warranty are recognized, "not strict liability." *Toth v. Yoder Co.*, 749 F.2d 1190, 1193 (6th Cir. 1984) (citing *Hartford Fire Ins. v. Walter Kidde & Co.*, 328 N.W.2d 29, 33 (Mich. Ct. App. 1982)).

---

[1] The parties agree that Michigan substantive law applies. The defendants applied California's governmental interest test to determine that Michigan substantive law applies. Def.'s Mem. in Supp. of Mot. for Summ. J. [ECF No. 93]. Additionally, the plaintiffs do not dispute that Michigan substantive law applies. *See* Response 7 [ECF No. 100].

Accordingly, the plaintiffs' strict liability claims must fail as a matter of law. Ethicon's Motion regarding the plaintiffs' strict liability – manufacturing defect, strict liability – failure to warn, strict liability – defective product, and strict liability – design defect claims is **GRANTED**.

### C.      Negligent Infliction of Emotional Distress

Under Michigan law,

> [a] plaintiff may recover for negligent infliction of emotional distress where (1) the injury threatened or inflicted on the third person is a serious one, of a nature to cause severe mental disturbance to the plaintiff, (2) the shock results in actual physical harm, (3) the plaintiff is a member of the third person's immediate family, and (4) the plaintiff is present at the time of the accident or suffers shock 'fairly contemporaneous' with the accident.

*Taylor v. Kurapati*, 600 N.W.2d 670, 693 (Mich. Ct. App. 1999). Thus, "Michigan recognizes the tort of negligent infliction of emotional distress only when a plaintiff witnesses negligent injury to a third party and suffers mental disturbance as a result." *Teadt v. Lutheran Church Mo. Synod*, 603 N.W.2d 816, 823 n.6 (Mich. Ct. App. 1999) (citing *Duran v. Det. News, Inc.*, 504 N.W.2d 715 (Mich. Ct. App. 1993)); *see Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 634 (W.D. Mich. 2015).

The plaintiffs' complaint does not allege that they witnessed injury to an immediate family member.  To the contrary, the plaintiffs only allege direct injury to Ms. Jones. Accordingly, Ethicon's Motion for Summary Judgment regarding the plaintiffs' negligent infliction of emotional distress claim is **GRANTED**.

### D.    Remaining Claims

After considering the parties' proffered arguments and evidence, I **FIND** that genuine disputes of material fact exist regarding the plaintiff's remaining claims. Accordingly, to the extent Ethicon's Motion challenges any other claims, the Motion is **DENIED**.

### IV.    Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 92] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the plaintiff's negligence – manufacturing defect, strict liability – manufacturing defect, strict liability – failure to warn, strict liability – defective product, and strict liability – design defect claims. To the extent that Ethicon's Motion challenges any other claims, the Motion is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      December 21, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

8